UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: _____

SPECTRUM IMAGE, INC., d/b/a
SPECTRUM AESTHETICS,

    Plaintiff,

v.

NICHOLAS MAKOZY,

    Defendant.
_____/

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Spectrum Image, Inc., d/b/a Spectrum Aesthetics ("Spectrum"), by and through its undersigned counsel, hereby files this Complaint for declaratory judgment against Defendant Nicholas Makozy ("Defendant").

**NATURE OF THIS ACTION**

1. This is a declaratory judgment action related to Spectrum's interest in its pending federal trademark application for "SPECTRUM AESTHETICS," Serial No. 88387946 in International Class 041, filed on an actual-use basis under 15 U.S.C. § 1051(a) (the "Spectrum Mark"), and Defendant's attempt to hold the Spectrum Mark hostage before the U.S. Patent and Trademark Office (the "PTO") through his earlier filing of an intent-to-use mark under 15 U.S.C. § 1051(b) for "SPECTRUM AESTHETIC," Serial No. 87838341 in the same International Class (the "'341 Application").

2. Spectrum is a prominent elective cosmetic surgery center located in South Florida, whose patients come from all over the world for its services. For years, Spectrum has branded itself as "Spectrum Aesthetics," and enjoys a common law trademark in its brand name.

After learning that Spectrum did not have a federal trademark with the PTO, Defendant submitted the '341 Application to prevent Spectrum from obtaining the Spectrum Mark. The PTO published the '341 Application and granted Defendant's request for an extension to file a Statement of Use ("SOU").

3. Spectrum seeks a declaration by this Court that (a) Spectrum holds the superior legal right in the Spectrum Mark, (b) the Spectrum Mark and the '341 Application are nearly identical in their entireties, as to appearance, sound, connotation, and commercial impressions, as well as in the nature of services as described in the respective applications; (c) the registration of the '341 Application would cause actual confusion with the Spectrum Mark; and (d) Defendant's actions have harmed Spectrum.

4. Spectrum also seeks an order by this Court compelling Defendant to abandon his trademark application with the PTO for the '341 Application.

**PARTIES, JURISDICTION, VENUE**

5. Plaintiff Spectrum Image, Inc., d/b/a Spectrum Aesthetics is a Florida corporation having its principal place of business in Miami-Dade County, Florida. At all times herein mentioned, Spectrum was qualified to do business in Florida. As stated above, Spectrum is a surgery center that provides elective cosmetic surgery to clients who travel from all over the world for its services.

6. Defendant Nicholas Makozy is *sui generis* and a resident of St. Lucie County, Florida.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 2201.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) as: (1) the

claims arise in this district; and (2) Defendant resides in this district.

9. This Court has personal jurisdiction over Defendant because he resides in this district.

## FACTUAL ALLEGATIONS

10. Since at least as early as December 21, 2011, Spectrum has provided elective cosmetic surgery in South Florida, serving patients all over the United States and world. *See* Spectrum Mark Application, attached as **Exhibit 1**. Spectrum publicly brands itself through its fictitious name "SPECTRUM AESTHETICS," which it registered with the State of Florida on or about November 25, 2014. *See* Fictitious Name Registration, attached as **Exhibit 2**.

11. Spectrum has spent substantial time, money, and effort in developing consumer awareness of its business name and the Spectrum Mark.

12. On or about September 2017, Defendant became acquainted with a Spectrum affiliate. Defendant learned that Spectrum had not filed an application for the Spectrum Mark with the PTO.

13. Using this information, on or about March 17, 2018, Defendant filed the '341 Application with the PTO for "SPECTRUM AESTHETIC" on an intent-to-use basis under Section 1(b) of the Lanham Act (15 U.S.C. § 1051(b)). Defendant filed the application in the same class as Spectrum's services: International Class 041, for plastic and cosmetic surgery.

14. In the application, Defendant averred to the "best of [his] knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive." *See* '341 Application, attached as **Exhibit 3**.

15. Defendant also averred that "willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, . . ." *Id.*

16. Despite knowledge that the '341 Application would infringe on Spectrum's rights in the Spectrum Mark, Defendant affixed his signature to the declaration in the '341 Application.

17. On or about August 1, 2018, the PTO published the '341 Application for opposition. Spectrum did not become aware of the '341 Application until after the opposition period ended.

18. In or about November 2018, Spectrum put Defendant on notice that his fraudulent '341 Application would impair Spectrum's rights in the Spectrum Mark. Spectrum demanded that Defendant abandon the fraudulently filed '341 Application.

19. Defendant has not responded to Spectrum's demand.

20. Spectrum has also filed its own federal application with the PTO for the Spectrum Mark, in International Class 041, on April 16, 2019. *See* Ex. 1.

21. On March 19, 2019, Defendant sought an extension to file his SOU, which the PTO granted on March 21, 2019. *See* Notice of Approval, attached as **Exhibit 4**.

22. Under 15 U.S.C. § 1051(d), Defendant may request five (5) more extensions of time, or extensions for around two-and-a-half (2.5) more years.

23. The Trademark Trial and Appeal Board ("TTAB") allows for a party to cancel a registered mark. A party, however, *cannot* initiate a proceeding for cancellation before the TTAB of an intent-to-use application until after the application is converted to actual use.

24. Absent relief from this Court, Spectrum might not have a remedy to cancel Defendant's fraudulent mark until the year 2022 — as Defendant can continue to seek extensions to file the SOU for the '341 Application.

25. Spectrum has standing to bring this suit because it would be damaged by Defendant's registration of the '341 Application. Spectrum uses the Spectrum Mark in its business that squarely fits within International Class 041. Defendant's intent-to-use registration for the '341 Application in the same class as the Spectrum Mark would clearly damage Spectrum's business and would cause confusion to consumers.

26. Spectrum also has standing because Defendant's '341 Application will prevent Spectrum from obtaining the Spectrum Mark. The PTO will suspend the Spectrum Mark application until Defendant either converts the '341 Application to actual use or abandons it.

27. Further, Defendant lacks a *bona fide* intent to use the '341 Application. Defendant merely filed his application to prevent Spectrum from later seeking federal registration of its business name with the PTO. Defendant made false statements to the PTO in the '341 Application as he knew that the application would stymie Spectrum's efforts to register the Spectrum Mark with the PTO.

28. Accordingly, an actual and present controversy exists between Spectrum and Defendant with respect to Spectrum's ability to register the Spectrum Mark. Defendant has been notified that his application was made fraudulently and serves to hinder Spectrum's efforts to register the Spectrum Mark. Instead of abandoning the fraudulent '341 Application, Defendant has asked the PTO to extend his deadlines to move forward with the mark.

**COUNT I**
**Declaratory Relief**
**(28 U.S.C. § 2201)**

Spectrum incorporates paragraphs 1 through 28, as set forth herein.

29. An actual and present controversy exists between Spectrum and Defendant with respect to Spectrum's ability to register the Spectrum Mark with the PTO.

30. Spectrum has used the Spectrum Mark in commerce since at least 2011. Spectrum's use of the Spectrum Mark relates to its business as a cosmetic surgery center. Spectrum's use of the Spectrum Mark falls squarely within International Class 041.

31. Spectrum has priority use in the Spectrum Mark for "SPECTRUM AESTHETICS" in International Class 041 over Defendant's intent-to-use '341 Application for "SPECTRUM AESTHETIC" in the same class.

32. Nevertheless, Defendant sought to deprive Spectrum of its priority right to register the Spectrum Mark with the PTO by filing the '341 Application. Defendant lacks the *bona fide* intent to use the '341 Application, as the application was made entirely to cause harm to Spectrum.

33. The Spectrum Mark and the '341 Application, in their entireties, are almost identical in appearance, sound, connotation, and commercial impressions. The marks are also identical in the nature of services as described in their respective applications. The registration of the '341 Application would cause actual confusion with the Spectrum Mark.

34. Defendant lacks a *bona fide* intent to use its mark.

35. Spectrum has notified Defendant that it possesses superior rights in the Spectrum Mark and requested that Defendant abandon his '341 Application application.

36. Defendant has ignored Spectrum's notification and demand.

37. Spectrum cannot register the Spectrum Mark until either Defendant abandons the '341 Application or converts it to "actual use" by filing an SOU. Defendant has the ability to extend the deadline to file an SOU for the '341 Application for 2.5 years from the filing of this Complaint — preventing Spectrum from the benefits of federal registration of the Spectrum Mark without a *bona fide* intent to use his mark.

38. Spectrum has standing to seek this declaration because it will be damaged by: (a) the registration of the '341 Application and (b) its inability to register the Spectrum Mark and seek the protections for its business under the Lanham Act. Absent court intervention, Spectrum will not be able to advance its application for the Spectrum Mark with the PTO until Defendant converts his application to actual use or abandons it.

39. Spectrum requests that this Court resolve the question of the parties' rights to the marks and declare that:

>	a)	The Spectrum Mark and the '341 Application are nearly identical in their entireties, as to appearance, sound, connotation, and commercial impressions;
>
>	b)	The Spectrum Mark and the '341 Application are nearly identical in the nature of services as described in the respective applications;
>
>	c)	The Spectrum Mark has priority of use over the '341 Application;
>
>	d)	The registration of the '341 Application would cause actual confusion with the Spectrum Mark; and
>
>	e)	Spectrum has been harmed because it cannot register the Spectrum Mark while the '341 Application remains pending; and
>
>	f)	Defendant must abandon his application for the '341 Application.

## PRAYER FOR RELIEF

WHEREFORE, Spectrum respectfully requests that this Court grant the following relief:

>	a)	Enter Final Judgment ordering Defendant to abandon the '341 Application.
>
>	b)	Declare that: (i) Spectrum has priority use and superior rights in the Spectrum Mark for "SPECTRUM AESTHETICS" in International Class 041; (ii) the

Spectrum Mark and the '341 Application are nearly identical in their entireties, as to appearance, sound, connotation, and commercial impressions, as well as in the nature of services as described in the respective applications; (iii) the registration of the '341 Application would cause actual confusion with the Spectrum Mark; and (iv) Spectrum has been harmed by Defendant's attempts to register the '341 Application.

    c)  Award Spectrum's costs incurred in this action.

    d)  Grant such additional relief as the court deems just and proper.

Dated: May 1, 2019.

            Respectfully Submitted:

            **LALCHANDANI SIMON PL**

            25 Southeast Second Ave, Suite 1020
            Miami, Florida 33131
            Tel.: (305) 999-5291
            Fax: (305) 671-9282

            By:  /s/ Kubs Lalchandani
                Kubs Lalchandani, Esq.
                Florida Bar No.: 63966
                kubs@lslawpl.com
                James M. Slater, Esq.
                Florida Bar No.: 111779
                james@lslawpl.com