UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 19-cv-21702-SCOLA/TORRES

SPECTRUM IMAGE, INC., d/b/a
SPECTRUM AESTHETICS,

    Plaintiff,

v.

NICHOLAS MAKOZY,

    Defendant.
_____/

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Spectrum Image, Inc., d/b/a Spectrum Aesthetics ("Spectrum"), by and through its undersigned counsel, respectfully submits this response to Defendant Nicholas Makozy's ("Defendant") Motion to Dismiss the Complaint (the "Motion"). [D.E. 10]. As explained in detail below, Defendant's recent statements under penalty of felony support Spectrum's jurisdictional allegations. Accordingly, the Motion should be denied.

**I.     INTRODUCTION AND BACKGROUND**

Spectrum brings this case to seek a declaratory judgment against Defendant for his fraudulent attempt to register Spectrum's trademark. Spectrum seeks a declaration that it holds superior legal right to its trademark and an order compelling Defendant to abandon his trademark application.

When Defendant undertook his trademark scheme in March 2018, he, like all other federal trademark applicants, filed a TEAS application on the United States Patent and Trademark Office ("PTO") website. In doing so, Defendant listed a Port St. Lucie address and

South Florida telephone number on the application. [*See* D.E. 1-3, p. 1]. In fact, Defendant listed this address twice on the application prior to signing it — designating the Port St. Lucie address as his physical address and as his address for correspondence. [*See id.* at p. 2]. Defendant then swore to the PTO under penalty of violating 18 U.S.C. § 1001 that these facts were accurate. Spectrum filed this lawsuit in the Southern District and alleged, based on Defendant's statements under penalty of felony, that Defendant resided in this district. [*See* D.E. 1, ¶¶ 6, 9].

Defendant now claims that he was not born in Florida, has never lived in Florida, and does not have an address in Florida. [D.E. 10].[1] To support his claim, Defendant provides a lease from 2014 and motor vehicle printout showing that he had a Pennsylvania license issued in 2013 and again in 2016. Fatally, neither of those documents is dispositive of Defendant's residence at the time of his trademark application or the time of filing this suit. Even more fatally, Defendant does not provide an affidavit to support his claim — an affidavit that would necessarily contradict prior statements made under penalty of felony.

To support its jurisdictional allegations, Spectrum need only rely on Defendant's statements to the PTO and the Florida Department of State, as explained below. In addition to his statement to the PTO at the time of filing the trademark application at issue here, Defendant has also (1) continued to use his district address in subsequent PTO filings and (2) formed multiple businesses in Florida using an address in the district. For instance, in March 2019, Defendant asked for an extension to file a Statement of Use with the PTO. *See* Request for Extension, attached as **Exhibit A**. Therein, Defendant again used his Port St. Lucie address. In addition, in

---

[1] Defendant also seeks $500,000 in sanctions against Spectrum and its undersigned attorneys for damaging his "good name." Clearly, the act of initiating litigation against a person, absent a finding of bad faith, is not grounds for sanctions. *See Peer v. Lewis*, 606 F.3d 1306 (11th Cir. 2010).

February of 2018 and April of 2019, respectively, Defendant registered two separate businesses in Florida using his Port St. Lucie address: Spectrum Aesthetics Center for Cosmetic Surgery, LLC; and A-1 Mortgage Corporation. *See* Organizational Documents, attached as **Composite Exhibit B**.[2] Defendant is listed as an owner of both of these businesses and provided the same Port St. Lucie address in the corporate filings. *See* Ex. B. When Defendant signed the A-1 Mortgage Corporation Articles of Incorporation in April 2019 — nineteen days before this lawsuit was filed —, he affirmed that his Port St. Lucie address was true under penalty of felony. *See* Ex. B., p. 2.

Despite Defendant's recent declarations to federal and state agencies that he is a resident of the district, he now asks the Court to dismiss this case for lack of personal jurisdiction. Defendant cannot carry his burden to challenge Plaintiff's jurisdictional allegations and the Motion must be denied. Alternatively, even if Defendant were a nonresident, his Motion must still fail because this Court has personal jurisdiction over him.

## II.   ARGUMENT

### A.  Legal Standard.

Rule 12(b)(2) of the Federal Rules of Civil Procedure governs motions to dismiss for lack of personal jurisdiction. On a motion to dismiss, the court must accept all facts alleged in the complaint as true, "to the extent they are uncontroverted by the defendant's affidavits." *Barrocos*

---

[2] Because Spectrum must provide evidence to support its jurisdictional allegations, it respectfully requests that this Court take judicial notice of the documents attached in Exhibits A and B hereto under Rule 201 of the Federal Rules of Evidence. *See RGF Envtl. Grp., Inc. v. Activ Tek Envtl. Corp.*, No. 08-CIV-80682-DIMITROULEAS, 2009 U.S. Dist. LEXIS 139366, at *9 (S.D. Fla. July 17, 2009) (noting that the PTO's own website records cannot be reasonably questioned; collecting cases taking judicial notice of information on the PTO website); *see also Rubinstein v. Keshet Inter Vivos Trust*, No. 17-61019-Civ-WILLIAMS/TORRES, 2018 U.S. Dist. LEXIS 98488, at *13 (S.D. Fla. June 11, 2018) (taking judicial notice of records because they were available on the Florida Department of State's website, a verified website from a public agency).

*of Fla., Inc. v. Elmassian*, No. 11-cv-22393-SCOLA, 2012 U.S. Dist. LEXIS 64948, at *4 (S.D. Fla. May 9, 2012) (Scola, J.) (citing *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000)); *see also Daccache v. Quiros*, No. 16-cv-21575-MORENO, 2018 U.S. Dist. LEXIS 82256, at *33 (S.D. Fla. May 15, 2018) (the burden shifts back to plaintiff to produce evidence "when the defendant challenges personal jurisdiction by submitting affidavit evidence in support of its position") (quotation and citation omitted). If a defendant can carry his burden to challenge the plaintiff's allegations, then the burden shifts back to the plaintiff to substantiate the jurisdictional allegations by affidavits, testimony, or other evidence of its own. *See Barrocos*, 2012 U.S. Dist. LEXIS 64948, at *4–5 (citing *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000)). Generally, a plaintiff "bears the burden of proving by affidavit the basis upon which jurisdiction may be obtained *only* if the defendant challenging jurisdiction files affidavits in support of his position." *Daccache*, 2018 U.S. Dist. LEXIS 82256, at *36 (emphasis supplied). Where the evidence conflicts, "the district court must construe all reasonable inferences in favor of the plaintiff." *Barrocos*, 2012 U.S. Dist. LEXIS 64948, at *5 (citing *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 810 (11th Cir. 2010)).

When jurisdiction is based on a federal question arising under a statute that is silent regarding jurisdiction,[3] the court must "look to the state long-arm statute in order to determine the existence of personal jurisdiction." *Lee v. Branch Banking & Trust Co.*, No. 18-21876-Civ-Scola, 2018 U.S. Dist. LEXIS 186340, at *4 (S.D. Fla. Oct. 31, 2018) (citation omitted). Under Eleventh Circuit precedent, defendants may be subject to personal jurisdiction under Florida's

---

[3] The Declaratory Judgment Act does not establish an independent basis for federal jurisdiction. *See Harbert v. United States*, 206 Fed. Appx. 903, 908 (11th Cir. 2006).

long-arm statute through specific or general personal jurisdiction. *See id.* A defendant is subject to specific personal jurisdiction for conduct specifically enumerated in Section 48.193, Florida Statutes. *See id.* (citing *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018)).

After determining whether personal jurisdiction exists under the long-arm statute, the court must next ensure that the exercise of jurisdiction would not violate the defendant's rights under the Due Process Clause. *See id.* The Eleventh Circuit employs a three-part due process test:

   (1) whether the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum;

   (2) whether the nonresident defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and

   (3) whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice.

*Id.* at *6 (citing *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013)). Under this test, the court should first focus on the direct relationship between the defendant, the forum, and the litigation; then whether the defendant purposely availed himself of the forum; and last whether exercise of jurisdiction comports with fair play and substantial justice. *See id.*

### B.  Defendant Cannot Rebut Spectrum's Jurisdictional Allegations.

This Court should deny the Motion because Defendant's evidence is unpersuasive and controverted by his recent statements made under penalty of felony.

Spectrum alleges in its Complaint that this Court has jurisdiction over Defendant because he resides in St. Lucie County, Florida. [*See* D.E. 1, ¶¶ 6, 9]. Spectrum also includes in its Complaint Defendant's declaration under penalty of felony to the PTO that his address, as of 2018, was in St. Lucie County, Florida. [*See* D.E. 1-3].

To rebut Spectrum's jurisdictional allegations, Defendant argues that he has never had any contact with the State of Florida. [*See*, *generally*, D.E. 10]. Defendant provides no affidavit to support his claims, and instead provides a lease and a motor vehicle report, neither of which are dispositive as to Defendant's domicile at the time of the trademark filing or the filing of this lawsuit. *See Barrocos*, 2012 U.S. Dist. LEXIS 64948, at *4 (on a motion to dismiss, the court must accept all facts alleged in the complaint as true, "to the extent they are uncontroverted by the defendant's affidavits").

Defendant's public statements made under penalty of felony contradict his Motion and supporting documents. Defendant declared under penalty of felony to the PTO that he resides in this district. [*See* D.E. 1-3]. And Defendant continued to use that same district address in his latest filing with the PTO in March 2019. *See* Ex. A. Defendant declared under penalty of felony in April 2019 — nineteen days before this lawsuit was filed — to the State of Florida that he resides in the district. *See* Ex. B. Defendant cannot have it both ways — he cannot reside in the district for purposes of fraudulently attempting to register Spectrum's trademark and otherwise engaging various businesses, but for purposes of this lawsuit conveniently claim domicile in another state. Generally, where the evidence conflicts, the district court must construe all reasonable inferences in favor of the plaintiff. *See Barrocos*, 2012 U.S. Dist. LEXIS 64948, at *5 (citing *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 810 (11th Cir. 2010)). Accordingly, Defendant cannot carry his burden in this instance to rebut Plaintiff's jurisdictional allegations. The Motion should be denied.

### C. Even if Defendant Were a Nonresident, He Would Still Be Subject to This Court's Jurisdiction.

Even if this Court were to find that Defendant carried his burden to contradict Spectrum's jurisdictional allegations, his Motion must still be denied because this Court has specific personal

6

jurisdiction over him.

Under Florida's long-arm statute, a federal court in Florida "has specific jurisdiction over a defendant if the action 'arises from' his forum-related contacts." *My Pi, LLC v. My Pie Int'l*, No. 14-62394-CIV-MARTINEZ-GOODMAN, 2015 U.S. Dist. LEXIS 182355, at * 4 (S.D. Fla. June 9, 2015) (citing § 48.193(1)(a), Fla. Stat.). For purposes of Section 48.193(1)(a)(2), Florida Statutes, a nonresident defendant commits "a tortious act within" Florida for purposes of specific personal jurisdiction when he "commits an act outside the state that causes injury within Florida." *Louis Vuitton*, 736 F.3d at 1353 (citation omitted and emphasis removed).

In this case, Spectrum alleges tortious conduct. Spectrum alleges that Defendant fraudulently applied for a trademark, the registration of which would damage Spectrum's rights. [*See* D.E. 1, ¶¶ 18, 25, 27–28]. At present, Spectrum conducts business exclusively in this district. *See* Affidavit of Christopher Ron, ¶ 2. Defendant used an address in the district to apply for this trademark and interfere with Spectrum's trademark rights. [D.E. 1-3]. Such conduct has caused an injury within Florida. Spectrum has also learned that Defendant recently registered Spectrum's previously inactive entity Spectrum Aesthetics Center for Cosmetic Surgery, LLC, using an address in this district. *See* Ex. B; *see also* Aff. of Christopher Ron, ¶ 3. This is not isolated conduct. Defendant has taken affirmative acts to affect Spectrum's business and intellectual property rights. Defendant has used a Florida address to undertake these acts, while also operating various businesses in Florida. This Court has jurisdiction over Defendant.

Moreover, this Court's exercise of personal jurisdiction over the Defendant would not violate due process. Defendant undertook acts that form the basis for Spectrum's cause of action. In undertaking those acts, Defendant declared, under penalty of felony, that he resided in the district. By swearing to the federal government (and the State of Florida, *see* Ex. B.) that he

7

resides in the district for purposes of registering a trademark, Defendant should reasonably anticipate being hailed into this Court. *See Louis Vuitton*, 736 F.3d at 1355–59.

### III. CONCLUSION

Based on the foregoing, Spectrum respectfully requests that this Court deny Defendant's Motion to Dismiss [D.E. 10].

Dated: June 13, 2019.

        Respectfully Submitted:

        **LALCHANDANI SIMON PL**
        25 Southeast Second Ave, Suite 1020
        Miami, Florida 33131
        Tel.: (305) 999-5291
        Fax: (305) 671-9282

        *Attorneys for Plaintiff*

        By:   /s/ Kubs Lalchandani
                Kubs Lalchandani, Esq.
                Florida Bar No.: 63966
                kubs@lslawpl.com
                James M. Slater, Esq.
                Florida Bar No.: 111779
                james@lslawpl.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 13th day of June, 2019, a true and correct copy of the foregoing was electronically filed with the Court using CM/ECF and that the foregoing document was served upon Defendant Nicholas Makozy via certified mail at the following address:

Nicholas Makozy
1808 Garfield Street
Aliquippa, Pennsylvania 15001

By: /s/ James M. Slater
James M. Slater