United States District Court
for the
Southern District of Florida

| Spectrum Image, Inc., d/b/a Spectrum Aesthetics, Plaintiff, | ) ) ) | |
|---|---|---|
| v. | ) ) ) | Civil Action No. 19-21702-Civ-Scola |
| Nicholas Makozy, Defendant. | ) | |

## **Order Denying Motion to Dismiss**

This matter is before the Court on pro se Defendant Nicholas Makozy's motion to dismiss the Plaintiff's complaint. (ECF No. 10.) The Plaintiff has filed a response (ECF No. 12) but the Defendant did not reply. Having considered the record, the parties submissions, and the applicable law, the Court denies the Defendant's motion. (ECF No. 10.)

## I.   **Background**

This is a declaratory judgment action related to Plaintiff Spectrum Image, Inc.'s ("Spectrum") interest in its pending federal trademark application for "Spectrum Aesthetics." (ECF No. 1 at ¶ 1.) According to the complaint, the Defendant filed an application with the U.S. Patent and Trademark Office for "Spectrum Aesthetic" (the "Spectrum Mark") on an intent-to-use basis. (*Id.* at ¶ 13.) The Defendant filed the application in the same class as Spectrum's services: plastic and cosmetic surgery. (*Id.*) Spectrum has filed its own application with the Patent and Trademark Office for the Spectrum Mark. (*Id.* at ¶ 20.) Now Spectrum seeks a declaration from this Court that Spectrum has priority use and superior rights to the Spectrum Mark.

The Defendant has filed a one-page document titled "Motion to Dismiss" asserting that he lives in Pennsylvania and has never lived in Florida. (ECF No. 10.) Because the Defendant is not represented by counsel, the Court will construe this as a motion to dismiss for lack of personal jurisdiction.

## II.   **Legal Standard**

Federal Rule of Civil Procedure 12(b)(2) governs motions to dismiss for lack of personal jurisdiction. "Whether the court has personal jurisdiction over a defendant is governed by a two-part analysis." *Verizon Trademark Servs., LLC v. Producers, Inc.*, 810 F. Supp. 2d 1321, 1324 (M.D. Fla. 2011). First, the court must determine whether the applicable state long-arm statute is satisfied. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000).

Second, if the state long-arm statute is satisfied, the court must analyze "whether the exercise of jurisdiction over the defendant comports with the Constitution's requirements of due process and traditional notions of fair play and substantial justice." *Verizon Trademark Servs.*, 810 F. Supp. 2d at 1324; *Sculptchair, Inc. v. Century Arts*, 94 F.3d 623, 626 (11th Cir. 1996).

A plaintiff bears the initial burden of proof of pleading sufficient material facts to support long-arm jurisdiction. *Future Tech.*, 218 F.3d at 1249. The burden then "shifts to the defendant to make a prima facie showing of the inapplicability of the statute." *Id.* (quoting *Prentice v. Prentice Colour, Inc.*, 779 F. Supp. 578, 583 (M.D. Fla. 1991)). Once this prima facie showing is made, "the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." *Future Tech.*, 218 F.3d at 1249 (quoting *Prentice*, 779 F. Supp. at 583).

### III. Analysis

The Defendant's motion asserts that he never lived in Florida, does not have an address in Florida, and has continuously lived in Pennsylvania for 23 years. (ECF No. 10 at ¶¶ 2-3.) In response, the Plaintiff argues that the Defendant is subject to this Court's personal jurisdiction because he used a Florida address to apply for the trademark at issue. (ECF No. 12 at 7.) The Defendant has also incorporated a corporation and a limited liability company using the same Florida address. (ECF No. 12-2.) Upon careful review, the Court agrees with the Plaintiff.

Florida's long-arm statute provides for specific personal jurisdiction over a non-resident defendant as follows:

> (a) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> (1) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> (2) Committing a tortious act within this state.

Fla. Stat. § 48.193(1)(a)(1)-(2). "Specific personal jurisdiction, which is at issue here, allows a court to exercise jurisdiction over causes of action arising from or

related to a defendant's actions within Florida and concerns a nonresident defendant's contacts with Florida only as they relate to the plaintiff's claims." *Venus Fashion, Inc. v. Changchun Chengli Tech. Co.*, No. 16-61752, 2016 WL 10636377, at *2 (S.D. Fla. Nov. 2, 2016) (Dimitrouleas, J.). Under Section 48.193(1)(a)(2), "[i]njury from trademark infringement occurs in the state where the trademark owner resides." *JB Oxford Holdings, Inc. v. Net Trade, Inc.,* 76 F. Supp. 2d 1366 (S.D. Fla. 1999) (Hurley, J.).

Here, Florida's long arm statute is satisfied. The Defendant's application to register the trademark at issue listed a Port St. Lucie address. (ECF No. 1-3 (listing owner of mark as Nicholas Makozy at 9661 SW Glenbrook Drive, Port St. Lucie, FL 34987)). He also filed a "Request for Extension of Time to File a Statement of Use" with the Patent and Trademark Office and again used the Port St. Lucie address. (ECF No. 12-1.) The Plaintiff has also presented to the Court the Electronic Articles of Organization for a Florida LLC named Spectrum Aesthetics Center for Cosmetic Surgery. (ECF No. 12-2.) Nicholas Makozy is listed as one of the managers and his address is the same Port St. Lucie address. (ECF No. 12-2 at 5.) Moreover, the allegedly rightful owner of the trademark, the Plaintiff, resides in Florida and was injured in Florida. This is more than sufficient to find that specific jurisdiction exists under Section 48.193(1)(a)(2).

Next, the Court must determine whether the exercise of personal jurisdiction comports with due process. The three-part due process test examines: "1) whether the plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant 'purposefully availed' himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013). "The plaintiff bears the burden of establishing the first two prongs, and if the plaintiff does so, a defendant must make a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." *Id.*

The Plaintiff has met its burden with regard to the first prong. "The 'arise out of or relate to' inquiry must focus on the direct causal relationship between the defendant, the forum, and the litigation." *Venus Fashion,* 2016 WL 10636377 at *3. The Plaintiff's claims are related to the Defendant's application to the trademark office in which he used a Florida address. Moreover, he is the manager of a company with the same (or similar) name as the Plaintiff and the company also has the same Florida address used in the trademark application. Therefore, the Plaintiff's claims arise out of the Defendant's contacts with Florida.

The second prong of the due process test analyzes whether the Defendant has purposefully availed himself of the forum state. "In analyzing the purposeful availment prong in intentional tort cases, courts generally apply the 'effects test' recognized in *Calder v. Jones*, 465 U.S. 783 (1984). Under the 'effects test,' a nonresident defendant's single tortious act can establish purposeful availment . . . when the tort: (1) [was] intentional; (2) [was] aimed at the forum state; and (3) caused harm that the defendant should have anticipated would be suffered in the forum state." *Id.*

Here, the Plaintiff alleges that the Defendant filed an application for the Spectrum Mark with the Patent and Trademark office in March 2018. (ECF No. 1 at ¶ 13.) In the application, the Defendant declared that to the best of his knowledge and belief, no other persons have the right to use the mark in commerce. (*Id.* at ¶ 14.) In November 2018, the Plaintiff put the Defendant on notice that his fraudulent application would impair Spectrum's rights to the Spectrum Mark. (*Id.* at ¶ 18.) The Defendant has not responded to Spectrum's demand to abandon the trademark application. (*Id.* at ¶ 19.) The Defendant's continued pursuit of his application "is sufficient to establish intent for jurisdictional purposes." *Venus Fashion*, 2016 WL 10636377 at *4.

The second prong assesses whether the Plaintiff has sufficiently alleged that the Defendant's actions were aimed at Florida. *Id.* Here, the Plaintiff alleges that the Defendant used his Florida address to file his trademark application and again used the Florida address when seeking an extension of time to file a statement of use. (*See* ECF No. 12-1.) Accordingly, the Court finds that the Defendant's conduct was aimed at the forum state.

With regard to the third prong, the Defendant should have anticipated that the Plaintiff would suffer harm in Florida. *See id.* The Defendant filed his application in Florida, organized an LLC in Florida, and has been notified by the Plaintiff that his business has the same name as Defendant's and that he is the rightful owner to the Spectrum Mark. Therefore, the "Defendant cannot now claim lack of knowledge of the forum where Plaintiff would suffer harm." *Id.*

The last prong of the due process test analyzes whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice. "To determine whether jurisdiction will comport with traditional notions of fair play and substantial justice, a court should consider: (1) the burden on the defendant; (2) the forum's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; and (4) the judicial system's interest in resolving the dispute." *Id.* (citing *Louis Vuitton*, 736 F.3d at 1358).

Turning to the first factor, the Court acknowledges that the Defendant's burden in defending this case from Pennsylvania as a pro se litigant may be

substantial. "However, whatever inconvenience Defendant may experience in terms of occasional travel to Florida is outweighed by other considerations." *Id.* The forum's interest in adjudicating this dispute weighs in favor of asserting jurisdiction. *Id.* "Florida has a very strong interest in affording its residents a forum to obtain relief from intentional misconduct of nonresidents causing injury in Florida." *Id.* (citing *Lovelady*, 544 F.3d 1280, 1288 (11the Cir. 2008)). With respect to the third factor, the Plaintiff has a strong interest in obtaining convenient and effective relief in order to protect its company's reputation, resolve any consumer confusion, and maintain the value of its trademark. *Id.* And lastly, the judicial system has a substantial interest in resolving this dispute. *Id.* "No justice is served if Defendant['s] location in a [another state] can preclude Plaintiff, a Florida resident, from obtaining any meaningful relief for an intentional tort committed against it." *Id.* Therefore, the Court finds that traditional notions of fair play and substantial justice are not offended by the Court's exercise of personal jurisdiction over the Defendant.

## IV. Conclusion

Based on the foregoing, the Court **denies** the Defendant's motion to dismiss. (**ECF No. 10.**) The Defendant's answer to the Plaintiff's complaint is due on or before September 5, 2019.

**Done and ordered**, at Miami, Florida on August 22, 2019.

_____
Robert N. Scola, Jr.
United States District Judge