UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 19-cv-21702-SCOLA/TORRES

SPECTRUM IMAGE, INC., d/b/a
SPECTRUM AESTHETICS,

    Plaintiff,

v.

NICHOLAS MAKOZY,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO SET ASIDE DEFAULT**

Plaintiff, Spectrum Image, Inc., d/b/a Spectrum Aesthetics ("Spectrum"), by and through its undersigned counsel, files this response in opposition to Defendant Nicholas Makozy's ("Defendant") "Motion for Reconsideration" [D.E. 23], which Spectrum construes as a motion to set aside the Clerk's Default under Rule 55(c) of the Federal Rules of Civil Procedure. For the reasons stated below, Defendant's motion should be denied because Defendant was properly served and failed to respond to the complaint within the time required by law.

**I.   BACKGROUND**

Spectrum filed its complaint on May 1, 2019. [D.E. 1]; Declaration of James M. Slater ("Slater Decl.") at ¶ 2. The Complaint seeks: (1) a declaration that Spectrum has priority use of the Spectrum Mark in International Class 044 over Defendant's intent-to-use '341 Application, which is nearly identical in all respects to, and would cause actual confusion and harm with, the Spectrum Mark; (2) a declaration that Spectrum has been harmed by Defendant's attempt to register the '341 Application;

and (3) an order compelling Defendant to abandon his application with the U.S. Patent and Trademark Office ("PTO"). [*See* D.E.1].

Defendant was served with the summons and Complaint by process server on May 21, 2019. [D.E. 19]; Slater Decl. at ¶ 3. Under Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure and the summons, Defendant was required to file an answer or other responsive pleading within 21 days of being served. Slater Decl. at ¶ 4. Within that time frame, on June 5, 2019 Defendant filed a motion to dismiss Spectrum's Complaint on jurisdictional grounds, [*see* D.E. 10], Slater Decl. at ¶ 5, which Spectrum opposed, [D.E. 12], Slater Decl. ¶ 5, but no reply was filed. On August 23, 2019, this Court denied Defendant's motion to dismiss and ordered him to answer Spectrum's Complaint on or before September 5, 2019. [D.E. 15, p. 5]. Defendant failed to answer or otherwise defend the action within that time frame. Slater Decl. ¶ 7. On September 6, 2019, Spectrum move for entry of default, [D.E. 18], Slater Decl. ¶ 8, which the Clerk entered that same day, [D.E. 21], Slater Decl. ¶ 8.

On September 9, 2019, this Court issued an Order on Default Judgment Procedures. [D.E. 22, p. 1]. The Order states that if Defendant fails to move to set aside the Clerk's Default or fails to otherwise respond to the lawsuit on or before September 20, 2019, Default Judgment may be entered. [*See id.*]. On September 16, 2019, Defendant filed a "Motion for Reconsideration," which Spectrum construes as a motion to set aside under Rule 55.

## II.   MEMORANDUM OF LAW

### A.   Legal Standard.

Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Relevant factors that courts consider in determining whether good cause has been shown include: (1) whether the defaulting party has shown a good reason (*e.g.*, excusable neglect) for failing to respond to the complaint; (2) whether

the defaulting party acted promptly to correct the default; (3) whether the defaulting party has a meritorious defense that might have affected the outcome; and (4) whether setting aside the default will prejudice the non-defaulting party. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc*., 896 F.2d 524, 528 (11th Cir. 1990); *Compania Interamericana Export-Inport, S.A. v. Compania Dominica De Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). The party moving to set aside the default bears the burden establishing good cause. *E.E.O.C.*, 896 F.2d at 528.

### B. Defendant Has Not Met His Burden.

Defendant addresses only two of the four *E.E.O.C* factors in his motion — sufficiency of process and a whether he had a meritorious defense.[1] Defendant has not carried his burden as to either argument and the Clerk's Default should remain in place.

#### 1. *Defendant Has Been Properly Served and Apprised of Court Deadlines.*

*First*, Defendant argues that he was never served with a copy of the Court's Order Denying Motion to Dismiss [D.E. 15]. [*See* D.E. 23, ¶ 1]. Spectrum filed a Notice of Service of Court Order [D.E. 16], in which it certified that it mailed a copy of the order to Defendant's address in Pennsylvania. Spectrum's counsel caused a copy of the order to be mailed via certified mail to Defendant, but it was not claimed by Defendant. *See* Slater Decl. ¶ 7. In fact, Defendant has not claimed any mail sent by Spectrum pertaining to this lawsuit. *See id.* The fact that Defendant refuses to accept mail from Spectrum does not excuse his compliance with this Court's orders and does sustain a showing under *E.E.O.C.* or Rule 55(c) for setting aside a default.

*Second*, Defendant argues that he was never properly served in this case. [D.E. 23, ¶ 1]. Prior to seeking a default, Spectrum filed a copy of the Affidavit of Service in this case, evidencing that Defendant was properly served pursuant to Rule 4 of the Federal Rules of Civil Procedure. [D.E. 19];

---

[1] Defendant also reiterates jurisdictional arguments from his motion to dismiss. [*See* D.E. 23, ¶ 2(a)]. The Court previously denied these arguments [*see* D.E. 15], therefore they are not addressed herein.

3

Slater Decl. ¶ 3. In fact, not only did Defendant not raise insufficiency of process in his motion to dismiss, but Defendant admitted that he was served in this case. [D.E. 10, ¶ 1].

Accordingly, Defendant's arguments as to insufficiency of service of process and lack of notice are wholly without merit. His motion should be denied.

2. *Defendant Has Not Shown a Meritorious Defense of Spectrum's Claims.*

Defendant attempts to raise defenses in his motion to Spectrum's claims. Those defenses fail.

As the party moving to set aside the default, Defendant must show that it has meritorious defenses that might have affected the outcome of the case. In order to make a sufficient showing, Defendant "must present evidence of facts that, if proven at trial, would constitute a complete defense." *Regions Bank v. Am. Leisure Resorts, Inc*., No. 13-20638-CIV-Martinez/McAliley, 2013 U.S. Dist. LEXIS 201439, at *10 (S.D. Fla. June 27, 2013).

Here, Defendant provides evidence that he registered the company Spectrum Aesthetics Cosmetic Surgery Center, LLC in 2018 in support of the propriety of his trademark application for "SPECTRUM AESTHETIC." [D.E. 23, ¶ 2(c)]. The crux of Spectrum's Complaint, however, is that Spectrum was using the brand name "SPECTRUM AESTHETICS" for almost a decade in commerce in connection with its business and fictitious name, and Defendant, knowing Spectrum did not have a federal trademark, surreptitiously filed an intent-to-use registration for an almost identical mark in the same class of services ("SPECTRUM AESTHETIC") for the purpose of delaying attempts by Spectrum to obtain federal trademark protection for its common law trademark. [*See*, *generally*, D.E. 1]. Because Defendant can delay conversion of his application for the mark "SPECTRUM AESTHETIC" for up to three years, Spectrum filed this lawsuit to obtain a declaration of rights and order compelling Defendant's abandonment of his trademark application.

Defendant contends that his earlier registration confers some benefits to him that take priority over Spectrum's rights in the trademark. He is wrong. The mere registration of a trademark "unaccompanied by prior use, does not create ownership." *Compton v. Fifth Ave. Ass'n, Inc.*, 7 F. Supp. 2d 1328, 1331 (M.D. Fla. 1998) (citing *Hydro-Dynamics, Inc. v. George Putnam & Co.*, 811 F.2d 1470, 1473 (Fed. Cir. 1987)). Both common law and Lanham Act ownership require that trademark ownership be accorded to the first bona fide user. *See Hydro-Dynamics*, 811 F.2d at 1470. Ownership of a trademark can be shown by establishing actual prior use. *Turner Greenberg Assocs. v. C & C Imps., Inc.*, 320 F. Supp. 2d 1317, 1330 (S.D. Fla. 2004) (citing *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001)). The Lanham Act defines such actual use in commerce as "when [the mark] is used or displayed in the sale or advertising of services and the services are rendered in commerce, . . ." 15 U.S.C. § 1127.

Spectrum has alleged prior use in its application with the PTO. [D.E. 1-1]. Spectrum has also alleged that it has used the mark in its field in commerce since at least 2011. [D.E. 1, ¶¶ 5, 10, 30; D.E. 1-1]. On the other hand, Defendant has not alleged use of the mark in commerce; he filed his trademark application with the intent to use it. [D.E. 1, ¶ 13; D.E. 1-3]. Accordingly, because Defendant has not provided evidence to show a meritorious defense to any of Spectrum's claims, his motion to set aside the default should be denied.

   3. *Order to Show Cause as to Defendant's Ad Hominem Attacks.*

Defendant lodges a number of attacks against Spectrum's principals and attorneys. [D.E. 23, ¶ 2(e)-(f)]. Defendant makes accuses Spectrum's attorneys and principals of fraud and requests that this Court order an investigation into Spectrum's principals and its attorneys. Spectrum is troubled by Defendant's *ad hominem* attacks and requests pursuant to Rule 11(c)(3) that this Court enter an order

requiring Defendant to show cause why his personal attacks in the motion were not violative of Rule 11(b) of the Federal Rules of Civil Procedure.

### III. CONCLUSION

For the foregoing reasons, this Court should deny Defendant Nicholas Makozy's motion to set aside the Clerk's Default.

Dated: September 17, 2019.

                              Respectfully Submitted:

                              **LALCHANDANI SIMON PL**
                              25 Southeast Second Ave, Suite 1020
                              Miami, Florida 33131
                              Tel.: (305) 999-5291
                              Fax: (305) 671-9282
                              *Attorneys for Plaintiff*

                              By:    /s/ Kubs Lalchandani
                                      Kubs Lalchandani, Esq.
                                      Florida Bar No.: 63966
                                      kubs@lslawpl.com
                                      James M. Slater, Esq.
                                      Florida Bar No.: 111779
                                      james@lslawpl.com

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), counsel for Spectrum certifies that it has been unable to confer with Defendant. At all times during this litigation, counsel for Spectrum has been unable to confer with Defendant, who has returned all mailed correspondence to the undersigned and not responded to any electronic correspondence.

                                                By: /s/ James M. Slater
                                                    James M. Slater

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 17th day of September, 2019, a true and correct copy of the foregoing was electronically filed with the Court using CM/ECF and that the foregoing document was served upon Defendant Nicholas Makozy via electronic mail to, gmakozy1@gmail.com, the electronic address used in Mr. Makozy's '341 Application with the PTO, and via certified mail at the following address:

Nicholas Makozy
1808 Garfield Street
Aliquippa, Pennsylvania 15001

By: /s/ James M. Slater
James M. Slater