## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.: 19-cv-21702-SCOLA/TORRES

SPECTRUM IMAGE, INC., d/b/a
SPECTRUM AESTHETICS,

               Plaintiff,

v.

NICHOLAS MAKOZY,

               Defendant.

_____/

## MOTION FOR DEFAULT FINAL JUDGMENT[1]

Plaintiff, Spectrum Image, Inc., d/b/a Spectrum Aesthetics ("Spectrum"), by and through

its undersigned counsel, moves pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and

this Court's Order on Default Judgment Procedure [D.E. 22], for entry of a default final judgment

against Defendant Nicholas Makozy ("Defendant"), and in support thereof states:

### I.   INTRODUCTION

Spectrum submits this memorandum of law in support of its request that the Court enter

judgment by default against Defendant, declaring that the registration of Defendant's SPECTRUM

---

[1] This Motion is being filed in an abundance of caution to comply with the deadlines set forth in this Court's Order on Default Judgment Procedure. [*See* D.E. 22]. On September 16, 2019, Defendant Nicholas Makozy filed a "Motion for Reconsideration." [*See* D.E. 23]. In his motion, Defendant asks for relief concerning a "Sept 5" response date. [*Id.* at ¶ 1]. This Court's Order Denying Motion to Dismiss required Defendant to file an answer no later than September 5, 2019. [D.E. 15, p. 5]. Further, Defendant raises jurisdictional arguments that seem to address this Court's Order Denying Motion to Dismiss, not arguments for setting aside the Clerk's Default. [*See* D.E. 23]. Accordingly, it is possible that Defendant seeks reconsideration of this Court's Order Denying Motion to Dismiss, not relief from this Clerk's Default entered on September 6, 2019. [*See* D.E. 21]. Accordingly, Spectrum files this Motion for Default Final Judgment within the Court's required time frame in the event the Court does not consider the "Motion for Reconsideration" to be a motion under Rule 55(c) of the Federal Rules of Civil Procedure. Spectrum also filed a response in opposition to the "Motion for Reconsideration" in the event that it is construed as a motion for relief from the Clerk's Default under Rule 55. [*See* D.E. 24].

AESTHETIC trademark in International Class 044[2] (the "'341 Application") would infringe on Spectrum's applied-for trademark SPECTRUM AESTHETICS in the same International Class (the "Spectrum Mark"), for which Spectrum retains priority usage rights over Defendant's '341 Application; and ordering Defendant to abandon the '341 Application. In support of entry of this motion for entry of default final judgment, Spectrum submits the Declaration of James M. Slater, an affidavit under the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521(b), and proposed order for entry of default final judgment.

## II.   **DEFENDANT IS IN DEFAULT**

Spectrum filed its complaint on May 1, 2019. [D..E. 1]; Declaration of James M. Slater ("Slater Decl.") at ¶ 2. The Complaint seeks: (1) a declaration that Spectrum has priority use of the Spectrum Mark in International Class 044 over Defendant's intent-to-use '341 Application, which is nearly identical in all respects to, and would cause actual confusion and harm with, the Spectrum Mark; (2) a declaration that Spectrum has been harmed by Defendant's attempt to register the '341 Application; and (3) an order compelling Defendant to abandon his application with the U.S. Patent and Trademark Office ("PTO"). [*See* D.E.1].

Defendant was served with the summons and Complaint by process server on May 21, 2019. [D.E. 19]; Slater Decl. at ¶ 3. Under Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure and the summons, Defendant was required to file an answer or other responsive pleading within 21 days of

---

[2] The body of the Complaint contains a scrivener's error that refers to the '341 Application and Spectrum Mark as encompassing International Class 041, not 044. [D.E. 1, ¶¶ 1, 13, 20]. Various exhibits to the Complaint — specifically, the parties' respective trademark applications with the U.S. Patent and Trademark Office — clearly demonstrate that the parties filed their respective applications in International Class 044, for plastic and cosmetic surgery. [*See* D.E. 1-1, p. 1; D.E. 1-3, p. 1]. Because the exhibits contradict the allegations in the Complaint, they govern. *Griffin Indus. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007); *see also RGF Envtl. Grp., Inc. v. Activ Tek Envtl.Corp.*, No. 08-CIV-80682-DIMITROULEAS, 2009 U.S. Dist. LEXIS 139366, at *9 (S.D. Fla. July 17, 2009) (noting that the U.S. Patent and Trademark Office's own website records cannot be reasonably questioned).

being served. Slater Decl. at ¶ 4. Within that time frame, on June 5, 2019 Defendant filed a motion to dismiss Spectrum's Complaint on jurisdictional grounds, [D.E. 10], Slater Decl. at ¶ 5, which Spectrum opposed, [D.E. 12], Slater Decl. ¶ 5, but no reply was filed. On August 23, 2019, this Court denied Defendant's motion to dismiss and ordered him to answer Spectrum's Complaint on or before September 5, 2019. [D.E. 15, p. 5]. Defendant failed to answer or otherwise defend the action within that time frame. Slater Decl. ¶ 7.  On September 6, 2019, Spectrum move for entry of default [D.E. 18]; Slater Decl. ¶ 8,  which the Clerk entered that same day [D.E. 21]; Slater Decl. ¶ 8.

On September 9, 2019, this Court issued an Order on Default Judgment Procedures. [D.E. 22, p. 1]. The Order states that if Defendant fails to move to set aside the Clerk's Default or fails to otherwise respond to the lawsuit on or before September 20, 2019, Default Judgment may be entered. [*See id.*].

On September 16, 2019, Defendant filed a "Motion for Reconsideration." [D.E. 23]; Slater Decl. ¶ 10. It appears that Defendant is seeking relief from this Court's Order Denying Motion to Dismiss. [*Id.* at  ¶ 1]. In an abundance of caution, Spectrum filed a response in opposition to Defendant's "Motion for Reconsideration," in which Spectrum construed the motion to seek relief from the Clerk's Default under Rule 55(c) of the Federal Rules of Civil Procedure. Slater Decl. ¶ 10. It is entirely possible, however, that this Court determines that the "Motion for Reconsideration" is not a Rule 55 motion, and instead an attempt to relitigate the merits of Defendant's motion to dismiss.

A judgment by default is appropriate where, as here, the Defendant has failed to answer and defend the action.

## III.    MEMORANDUM OF LAW

### A.    <u>Legal Standard.</u>

The factual allegations of a complaint are deemed admitted by the entry of a default. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987); *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). When a defendant fails to defend an action and a default has been entered, the defendant's liability for the claims alleged in the complaint, and the propriety of the relief sought, are deemed established. *See Buchanan*, 820 F.2d at 360; *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). Here, the factual allegations of the Complaint support entry of a default final judgment for declaratory relief against Defendant as the propriety of the relief the Spectrum seeks in this motion against him.

### B. <u>Factual Allegations of the Complaint are Deemed Admitted Against Defendant.</u>

Spectrum is a surgery center that has provided elective cosmetic surgery services in Miami, Florida since around December 21, 2011. [D.E. 1, ¶¶ 5, 10]. Spectrum publicly brands itself through its fictitious name "SPECTRUM AESTHETICS," which it registered with the State of Florida on or about November 25, 2014. [*Id.*]. Spectrum has spent substantial time, money, and effort in developing consumer awareness of its business name "SPECTRUM AESTHETICS." [*Id.* at ¶ 11].

On or about September 2017, Defendant became acquainted with a Spectrum affiliate, during which time he learned that Spectrum had not filed an application for the Spectrum Mark with the PTO. [*Id.* at ¶ 12]. Using that information, on or about March 17, 2018, Defendant filed the '341 Application with the PTO for "SPECTRUM AESTHETIC" on an intent-to-use basis under Section 1(b) of the Lanham Act (15 U.S.C. § 1051(b)). [*Id.* at ¶ 13; D.E. 1-3]. Defendant filed the application in the same class as Spectrum's services: International Class 044, for plastic and cosmetic surgery. [D.E. 1-3]. After Defendant filed his intent-to-use application for the '341 Application, Spectrum filed an actual use application for the Spectrum Mark with the PTO in

International Class 044. [*Id.* at ¶ 20; D.E. 1-1]. Spectrum has used the Spectrum Mark in commerce since at least 2011. [D.E. 1-1; D.E. 1, ¶ 30].

The applied for marks at issue here are in the same International Class and are nearly identical in appearance, sound, connotation, and commercial impression, as well as the nature of services described. [*Compare* D.E. 1-1 *with* D.E. 1-3; D.E. 1 ¶ 33]. The only difference is a singular letter: SPECTRUM AESTHETICS (for Spectrum) *versus* SPECTRUM AESTHETIC (for Defendant). [D.E. 1-1; D.E. 1-3].

Even though Defendant knew Spectrum used the Spectrum Mark in connection with its business, he swore under penalty of felony that to the "best of [his] knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive." [D.E. 1, ¶ 14; D.E. 1-3]. Defendant also averred that "willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, . . ." [D.E. 1, ¶ 15; D.E. 1-3]. Despite (1) knowledge that the '341 Application would infringe on Spectrum's superior rights in the Spectrum Mark and (2) a lack of bona fide intent to use the '341 Application, Defendant affixed his signature to the declaration in the '341 Application. [D.E. 1, ¶¶ 15, 34, 37; D.E. 1-3].

Spectrum did not become aware of the '341 Application until after the time to oppose it lapsed. [D.E. 1, ¶ 17]. In or about November 2018, Spectrum put Defendant on notice that his fraudulent '341 Application would impair Spectrum's rights in the Spectrum Mark. [*Id.* at ¶ 18]. Spectrum demanded that Defendant abandon his '341 Application, but Defendant never responded. [*Id.*].

5

On March 19, 2019, Defendant extended the time period to convert the '341 Application to actual use. [*Id.* at ¶ 19; D.E. 1-4]. Until Defendant converts his '341 Application or abandons it, Spectrum has no remedy to seek cancellation of Defendant's mark. [D.E. 1, ¶¶ 21–23, 37]. Further, unless Defendant converts or abandons the '341 Application, the PTO will suspend the Spectrum Mark, preventing Spectrum from taking further steps to obtain the mark. [*Id.* at ¶ 26].

Defendant filed the '341 Application for the purpose of preventing Spectrum from obtaining federal registration of the Spectrum Mark. [*Id.* ¶ 27]. He made false statements to the PTO to delay Spectrum's attempts to register the Spectrum Mark. [*Id.*]. Without court intervention, Defendant can continue to take further steps to delay Spectrum's attempts to seek federal protection for the Spectrum Mark. *See* 15 U.S.C. § 1051(d); [D.E. 1, ¶ 22–23].

**C.   The Spectrum Mark Enjoys Priority Over the '341 Application.**

Spectrum has used the Spectrum Mark, "SPECTRUM AESTHETICS," in commerce in the field of cosmetic and plastic surgery since at least 2011. Although Defendant sought registration for his '341 Application prior to Spectrum's application for the Spectrum Mark, trademark ownership is predicated on first use in commerce.

The mere registration of a trademark "unaccompanied by prior use, does not create ownership." *Compton v. Fifth Ave. Ass'n, Inc.*, 7 F. Supp. 2d 1328, 1331 (M.D. Fla. 1998) (citing *Hydro-Dynamics, Inc. v. George Putnam & Co.*, 811 F.2d 1470, 1473 (Fed. Cir. 1987)). Both common law and Lanham Act ownership require that trademark ownership be accorded to the first bona fide user. *See Hydro-Dynamics*, 811 F.2d at 1470. Ownership of a trademark can be shown by establishing actual prior use. *Turner Greenberg Assocs. v. C & C Imps., Inc.*, 320 F. Supp. 2d 1317, 1330 (S.D. Fla. 2004) (citing *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001)). The Lanham Act defines such actual use in commerce as "when [the mark] is used or

displayed in the sale or advertising of services and the services are rendered in commerce, . . ." 15 U.S.C. § 1127.

Here, Defendant has admitted by operation of default, that Spectrum has used the Spectrum Mark, "SPECTRUM AESTHETICS," in commerce to advertise its elective cosmetic surgery services since at least 2011. [D.E. 1, ¶¶ 5, 10, 30; D.E. 1-1]. Defendant has also admitted that he applied with an intent to use, and does not use the '341 Application and mark "SPECTRUM AESTHETIC." [D.E. 1, ¶ 13; D.E. 1-3]. He has also admitted that he lacks a bona fide intent to use the mark. [D.E. 1, ¶¶ 27, 32, 34]. Accordingly, Spectrum has superior ownership rights to "SPECTRUM AESTHETICS" over Defendant's intent-to-use mark "SPECTRUM AESTHETIC."

**D.** **The Registration of Defendant's '341 Application Would Cause Confusion.**

Should Defendant be allowed to register the '341 Application, and use his mark "SPECTRUM AESTHETIC" for cosmetic and plastic surgery services, his mark would cause actual confusion with Spectrum's cosmetic and plastic surgery business and the Spectrum Mark, "SPECTRUM AESTHETICS."

In this circuit, courts may consider a number of factors in assessing whether or not there is a likelihood of confusion between various marks: the strength of the allegedly infringed mark; the similarity of the infringed and infringing marks; the similarity of the goods and/or services the marks represent; the similarity of trade channels and customers; the similarity of advertising media; the alleged infringers intent  in using the infringing mark; and the existence and extent of actual confusing with the consuming public. *See Tana v. Dantanna's*, 611 F.3d 767, 774–75 (11th Cir. 2010). These factors are not exhaustive. *See id.* at 780.

Here, by operation of default, Defendant has admitted that Spectrum's application for "SPECTRUM AESTHETICS" and his application for "SPECTRUM AESTHETIC" are, in their

entireties "almost identical in appearance, sound, connotation, and commercial impressions. [D.E. 1, ¶ 33]. Defendant has also admitted that the marks are "identical in the nature of services as described in their respective applications" and that the registration of the '341 Application would cause actual confusion with the Spectrum Mark. [*Id.*]. Defendant further admitted that he lacks a bona fide intent to use the '341 Application. [*Id.* at ¶ 34]. Because Defendant does not dispute that his '341 Application would cause actual confusion, and because majority of the *Tana* factors weigh in favor of a showing of a likelihood of confusion, this Court should enter an order declaring that Defendant's '341 Application, if registered, would cause actual confusion with the Spectrum Mark.

**E.   Declaratory Relief is Appropriate.**

Spectrum seeks a declaration that: the '341 Application and Spectrum Mark are nearly identical as to appearance, sound, connotation, and commercial impressions as well as the nature of services described in the respective application; Spectrum has superior ownership rights in the Spectrum Mark over Defendant's applied-for mark; the registration of Defendant's '341 Application would cause confusion with the Spectrum Mark; and Spectrum has been harmed by Defendant's conduct because it cannot register the Spectrum Mark.

Under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, federal courts have jurisdiction to adjudicate claims for declaratory relief to "declare the right and other legal relations of any interest party seeking such declaration. 28 U.S.C. § 2201(a). In such cases, the facts alleged must "show that there is a substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *ITL Int'l, Inc. v. Ninoshka, S.A.*, No. 10-cv-23493-JLK, 2011 U.S. Dist. LEXIS 82044, at *6–7 (S.D. Fla. July 27,

2011) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007).

Here, the facts as admitted demonstrate that there is an adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Specifically, Defendant acted in a fraudulent manner with no bona fide intent to seek registration for an almost identical trademark to Spectrum's common law mark for the purpose of preventing Spectrum from obtaining federal registration. [D.E. 1, ¶¶ 21–23, 37]. Because Spectrum's own federal application will now be suspended for what could be an additional two or three years, it will be, during that time frame, deprived of any other remedy to seek cancellation of Defendant's '341 Application with the PTO or otherwise. [*Id.* at ¶ 26]; *see also* 15 U.S.C. § 1051(d). Defendant has already extended his intent-to-use application once [*see* D.E. 1-4], and has refused Spectrum's demand that he abandon the infringing mark. [D.E. 1, ¶¶ 19, 35]. Absent a declaration from this Court, the PTO will suspend Spectrum's application for the Spectrum Mark and it will not be able to obtain federal protection for its mark and brand until either Defendant converts his application or abandons it. [*Id.* at ¶ 37].

Further, courts have found declaratory relief appropriate in similar circumstances to resolve a "potential infringement claim" for purposes of judicial efficiency and reduction in potential damages. *See Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1165 (9th Cir. 2007) (quoting *PHC v. Pioneer Healthcare*, 75 F.3d 75, 81 (1st Cir. 1996)).

Accordingly, this Court should declare that the '341 Application will infringe the Spectrum Mark, which has superior rights over Defendant's applied-for mark.

**F.  Entry of an Order Compelling Abandonment of the '341 Application is Appropriate.**

Spectrum also seeks the entry of an order compelling Defendant to abandon his '341 Application. Courts have found that although a district court cannot order the cancellation of a federal

trademark application, they do have the authority to order a party to abandon a pending registration application. *See Undefeated, Inc. v. UNCL, LLC*, No. SACV 12-1622 PA (RZx), 2013 U.S. Dist. LEXIS 197995, at *5–6 (C.D. Cal. Mar. 25, 2013); *see also Air Fragrance Prods. v. Clover Gifts, Inc.*, 395 Fed. Appx. 482, 485 (9th Cir. 2010) (holding the lower court did not abuse its discretion by ordering the parties to withdraw pending trademark applications).

Accordingly, because Defendant has admitted, by virtue of default, that (1) he had no bona fide intent to seek the '341 Application, (2) his purpose to register his mark "SPECTRUM AESTHETIC" was to harm Spectrum, and (3) the "SPECTRUM AESTHETIC" mark would infringe Spectrum's "SPECTRUM AESTHETICS" mark, which holds superior right, this Court should order Defendant to abandon his '341 Application.

## IV. CONCLUSION

For the foregoing reasons, this Court should enter default final judgment against Defendant Nicholas Makozy:

1. Declaring that (i) Spectrum has priority use and superior rights in the Spectrum Mark for "SPECTRUM AESTHETICS" in International Class 044; (ii) the Spectrum Mark and the '341 Application are nearly identical in their entireties, as to appearance, sound, connotation, and commercial impressions, as well as in the nature of services as described in the respective applications; (iii) the registration of the '341 Application would cause actual confusion with the Spectrum Mark; and (iv) Spectrum has been harmed by Defendant's attempts to register the '341 Application;

2. Ordering Defendant Nicholas Makozy to abandon the '341 Application; and

3. Granting such additional relief as the Court deems just and proper.

Dated: September 19, 2019.

Respectfully Submitted:

**LALCHANDANI SIMON PL**
25 Southeast Second Ave, Suite 1020
Miami, Florida 33131
Tel.: (305) 999-5291
Fax: (305) 671-9282
*Attorneys for Plaintiff*

By:     /s/ Kubs Lalchandani
        Kubs Lalchandani, Esq.
        Florida Bar No.: 63966
        kubs@lslawpl.com
        James M. Slater, Esq.
        Florida Bar No.: 111779
        james@lslawpl.com

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), counsel for Plaintiff certifies that it has been unable to confer with Defendant. At all times during this litigation, counsel for Plaintiff has been unable to confer with Defendant, who has returned all mailed correspondence to the undersigned and not responded to any electronic correspondence.

By: /s/ Kubs Lalchandani
Kubs Lalchandani

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 19th day of September, 2019, a true and correct copy of the foregoing was electronically filed with the Court using CM/ECF and that the foregoing document was served upon Defendant Nicholas Makozy via electronic mail to, gmakozy1@gmail.com, the electronic address used in Mr. Makozy's '341 Application with the PTO, and via certified mail at the following address:

Nicholas Makozy
1808 Garfield Street
Aliquippa, Pennsylvania 15001

By: /s/ Kubs Lalchandani
Kubs Lalchandani